```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

ROGER A. EICHELBERGER                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 1:07-cv-549(DCB)
                               CRIMINAL NO. 1:91-cr-87(DCB)

UNITED STATES OF AMERICA                                 DEFENDANT

## ORDER OF DISMISSAL

This cause is before the Court on the plaintiff's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 **(docket entry 1)**; motion for leave to proceed in forma pauperis **(docket entry 3)**; motion to appoint counsel **(docket entry 4)**; motion for extension of time to file reply to government's response **(docket entry 9)**; second motion to appoint counsel **(docket entry 10)**; and motion to produce **(docket entry 12)**. Having carefully considered the motions, the government's response, and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

Plaintiff Roger A. Eichelberger pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 19, 1993, he was sentenced to a term of 25 months imprisonment, to run consecutively with a Louisiana state sentence he was then serving, to be followed by three years of supervised release.

Eichelberger filed his first § 2255 motion on November 11,

1994.  The motion was denied on November 27, 1995.  On December 16, 1994, Eichelberger was released from federal custody.  He is currently a Florida state inmate.  That he is no longer in federal custody is not dispositive of his claim if he is presently serving a subsequent sentence that was enhanced by the challenged conviction.  United States v. Woods, 870 F.2d 285, 286 n.1 (5th Cir. 1989).

Because the defendant's present § 2255 motion raises claims challenging his conviction and sentence on grounds that could have been raised in his previous motion, his motion is a "second or successive" pursuant to § 2255.  In order to file a successive § 2255 motion, the defendant must seek and obtain certification from the Fifth Circuit prior to filing the motion in this Court.  United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998).  Failure to do so results in dismissal of the motion.  Id.  The only exceptions are:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to causes on collateral review by the Supreme Court, that was previously unavailable.

Id.  Neither of these grounds are asserted by the movant.  Eichelberger does claim that he is entitled to relief based upon "newly discovered evidence," but the "evidence" he refers to is a 1991 federal court decision citing Kansas law regarding restoration

of civil rights of convicted felons.  This is a legal, not a factual claim, and a 1991 decision does not constitute "newly discovered evidence."  Eichelberger offers no reason why he could not have raised this claim in his previous § 2255 motion.

Because Eichelberger has failed to show that his present motion is not a "second or successive" pursuant to § 2255, resolution of the present motion does not require the development of a factual record, and Eichelberger is not entitled to a hearing. See United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990).  The Court declines to consider Eichelberger's motion for § 2255 relief unless and until he obtains certification from the Fifth Circuit Court of Appeals.  Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff's motion to vacate **(docket entry 1)**, and all other pending motions, are DENIED, and this action is DISMISSED WITHOUT PREJUDICE.

SO ORDERED AND ADJUDGED, this the  28th  day of September, 2007.

                                    s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE