```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      SOUTHERN DIVISION
```

ROGER A. EICHELBERGER                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 1:07-cv-549(DCB)
                                 CRIMINAL NO. 1:91-cr-87(DCB)

UNITED STATES OF AMERICA                                 DEFENDANT

<u>ORDER</u>

This cause is before the Court on the plaintiff's motion for reconsideration **(docket entry 20)**; motion to appoint counsel **(docket entry 21)**; motion for leave to appeal in forma pauperis **(docket entries 28, 35)**; and motion for summary judgment **(docket entries 29, 33)**. Having carefully considered the motions, and being otherwise fully advised in the premises, the Court finds as follows:

Plaintiff Roger A. Eichelberger pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 19, 1993, he was sentenced to a term of 25 months imprisonment, to run consecutively with a Louisiana state sentence he was then serving, to be followed by three years of supervised release.

Eichelberger filed his first § 2255 motion on November 11, 1994. The motion was denied on November 27, 1995. On December 16, 1994, Eichelberger was released from federal custody. He is currently a Florida state inmate. That he is no longer in federal

custody is not dispositive of his claim if he is presently serving a subsequent sentence that was enhanced by the challenged conviction. United States v. Woods, 870 F.2d 285, 286 n.1 (5th Cir. 1989).

On April 19, 2007, Eichelberger filed a second § 2255 motion, raising claims challenging his conviction and sentence on grounds that could have been raised in his previous motion.  In order to file this "second or successive" motion pursuant to § 2255, Eichelberger was required to seek and obtain certification from the Fifth Circuit prior to filing the motion in the district court, since he did not allege newly discovered evidence or a new rule of constitutional law, and did not otherwise show that he was prevented from raising his claim in his previous § 2255 motion. His motion was therefore dismissed for failure to obtain certification.

In his motion for reconsideration, Eichelberger does not show that he has obtained certification from the Fifth Circuit, nor does he show that his motion is not a "second or successive" § 2255 motion.  The motion for reconsideration shall therefore be denied. Eichelberger also moves for appointment of counsel. Because of the dismissal of his § 2255 motion, and denial of his motion for reconsideration, counsel is no longer required and his request shall be denied.  See United States v. Flores, 981 F.2d 231, 237 (5th Cir. 1993).

2

On January 7, 2008, Eichelberger filed a motion for leave to appeal in forma pauperis, but did not attach his prison bank account printout or financial certificate by authorized penal official. On February 27, 2008, he re-filed his motion with the required attachments. The Court finds that the motion is well taken and it is granted.

The plaintiff also moves for summary judgment. Inasmuch as his motion for relief pursuant to § 2255 and his motion for reconsideration have been denied, the summary judgment motion is moot. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion for reconsideration **(docket entry 20);** is DENIED;

FURTHER ORDERED that the plaintiff's motion to appoint counsel **(docket entry 21);** is DENIED;

FURTHER ORDERED that the plaintiff's motion for leave to appeal in forma pauperis **(docket entries 28, 35);** is GRANTED;

FURTHER ORDERED that the plaintiff's motion for summary judgment **(docket entries 29, 33)** is MOOT.

SO ORDERED, this the   11th   day of March, 2008.

　　　　　　　　　　　　　　　　　　   s/ David Bramlette   
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE